CRAIN, Judge.
The matter before us involves a petition by South Central Bell Telephone Company for an injunction to prohibit Mr. and Mrs. Marvin John Dempster from interfering with the use of a servitude by maintaining in existence a shed on the land which is encumbered by the servitude. The trial court conditionally granted the injunction and from this decision, defendants appealed and plaintiff answered the appeal.
*282 The facts appear rather well settled. In 1956, Jochen Breaux granted a right-of-way servitude to Southern Bell Telephone and Telegraph Company, the predecessor of South Central Bell. This right-of-way agreement was duly recorded in the Conveyance Records of Lafourche Parish. In the servitude agreement, the section, township and range of the property in question was incorrectly stated; however, a plat or map attached to the agreement, although not referring specifically to a certain section, township and range, did locate the property by reference to boundaries and adjoining landowners. In exercising their servitude, South Central Bell Telephone Company placed an underground cable on the right-of-way in 1957.
Through mesne conveyances the appel-lees acquired the property from Breaux’s assigns and about five years ago constructed a shed on the right-of-way under which was located the underground cable. The dispute arose when it became necessary for South Central Bell to enter upon the servitude right-of-way to remove some induction coils from the underground cable to improve the telephone service to certain localities. The Dempster’s objected and refused to permit entry onto the property by the telephone company unless there was some understanding regarding possible damage to the shed. The trial court after hearing the limited testimony produced granted the injunction against the Dempsr ters prohibiting them from interfering with South Central Bell’s entry upon the servitude property to excavate or remove the induction coils, but conditioned this right on the telephone company’s payment to the Dempsters for any and all damages to any buildings or improvements located on the servitude right-of-way including the shed.
We are not favored with reasons for judgment from the trial court and consequently do not know the basis for his decision.
However, the first issue to be determined is the validity of the right-of-way agreement with respect to the defendants. It is undisputed that the document evidencing the right-of-way contains a reference to the incorrect section, township and range; however, plaintiff strongly contends that the map or plat attached to the document controls when there is a discrepancy between it and the property description, and that because of this plat or map the defendants were put on notice by the public records that the right-of-way affected the property they bought. Following this reasoning, plaintiff contends that the subsequent construction by the defendants of the shed was an unwarranted interference of their right to maintain the underground cable by virtue of the servitude agreement.
We agree with the plaintiff’s argument that the servitude agreement in question should have put the defendants on notice of the existence of the servitude. The map attached to the servitude plainly shows the location of the right-of-way and was recorded therefore becoming part of the public records. The law is well settled that where there is a discrepancy between the property described in the agreement and that referred to in the plat or map attached to the agreement, the plat or map should control. As this plat or map was part of the public records, a conventional conveyance of the right-of-way servitude actually used occurred. The conveyance of the servitude became effective as to third parties by virtue of being a part of the public records.
Conventionally, from the right-of-way agreement itself, and legally by virtue of Article 772 of the La.Civil Code, the owner of the servitude had the right to enter upon the land subject to the servitude and to take the action necessary to preserve or maintain the underground cable. For this reason, we feel the trial court was correct in granting the injunction, prohibiting the appellee from interfering with this right of the appellant.
 Plaintiff strongly contends that the trial court erred when it did not order *283 the defendants to remove the shed from the right-of-way. Removal of an object from a right-of-way is required when the object obstructs or interferes with the use of the servitude, whether that servitude is conventional or contractual. Kaffie v. Pioneer Bank & Trust Company, 184 So.2d 595 (La.App. 2nd Cir. 1966). There is no evidence in the record to show whether this shed obstructs or interferes with the use of the servitude. The suit was apparently brought when Mr. Dempster refused to let plaintiff’s employees on the property. Further acts of this kind were rightfully enjoined by the trial court. However, the plaintiff failed to submit evidence that this shed would have to be removed in order to make the necessary changes in the cable. We therefore agree with the trial court that a mandatory injunction should not issue to remove an object which, even though located on the servitude, is not shown to interfere with or obstruct the use thereof.
Plaintiff also contends that the trial court’s conditioning the injunction on the telephone company’s paying for any damage to the shed stemming from the escavation of the underground cable was in error. We agree. The evidence simply does not show that removal of the shed would would be necessary. Consequently, it is premature to require that the plaintiff pay for removing the shed if, in fact, they do so.
We affirm that portion of the judgment of the trial court which enjoins defendants from interfering with or obstructing the entry of the plaintiff on the property subject to the servitude. We reverse that portion of the judgment requiring plaintiff to pay defendant for damage to any building or improvement located on the property subject to the servitude.
No costs were assessed by the trial court. We assess all costs to defendants-appellants.
Affirmed in part, reversed in part, and rendered.